IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MICHAEL ANTRANTRINO LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:23CV1065 |
| | ) | |
| RALPH KERSEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on six motions. Plaintiff, a *pro se* pretrial detainee, has filed three motions that the undersigned construes as a motion to supplement and motions to amend his Complaint. (*See* Docket Entries 5, 7, 11.) Plaintiff has also filed a motion requesting rulings on certain outstanding motions (Docket Entries 5, 7, 11, 22), which the undersigned construes as a motion to expedite. (Docket Entry 20.) Plaintiff has also filed a "Motion for Appointment of Counsel" (Docket Entry 21) and a "Motion for a Preliminary Injunction, Temporary Restraining Order, and Order to Show Cause." (Docket Entry 22.) All motions are ready for review. For the reasons that follow, the undersigned will grant in part, deny in part Plaintiff's motion to supplement (Docket Entry 5), grant his two motions to amend (Docket Entries 7, 11), deny as moot his motion to expedite (Docket Entry 20), deny his motion to appoint counsel (Docket Entry 21), and recommend denying his motion for preliminary injunction and a temporary restraining order (Docket Entry 22).

## I. Background

In December 2023, Plaintiff initiated this action against several Scotland County Sheriff's Office employees, most of whom work at the Scotland County Detention Center.[1] (*See* Docket Entry 2 at 3-4.)[2] He also filed an accompanying memorandum. (Docket Entry 3.) Plaintiff brings claims pursuant to 42 U.S.C. § 1983 for First and Fourteenth Amendment violations and a conspiracy claim, based on several incidents that occurred during his time in pretrial detention. (*See* Docket Entry 2 at 4.) Among his claims, he asserts that he was illegally pepper sprayed, he has missed court dates due to an erroneous transfer to another detention center, staff has failed to protect him from attacks by other inmates, and he has been denied access to a copy machine and notary. (*See id.* at 12-14.) He seeks monetary relief totaling around nine million dollars. (*See id.* at 10.)

## II. Discussion

### Standard of Review

The court will now consider Plaintiff's six motions. (*See* Docket Entries 5, 7, 11, 20, 21, 22.) When considering actions filed by *pro se* litigants, the court must liberally construe any pleading to "avoid inequity." *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). "If a *pro se* complaint contains a potentially cognizable claim, the plaintiff should be given an opportunity to particularize his allegations." *Sweeting v. McCabe*, 141 F. App'x 177, 178 (4th Cir.

---

[1] Sheriff Kersey does not work at the Scotland County Detention Center.
[2] Unless otherwise noted, all citations herein refer to the page numbers at the bottom right-hand corner of the documents as they appear in the Court's CM/ECF system.

2005) (citing *Coleman v. Peyton*, 340 F.2d 603, 604 (4th Cir. 1965)); *see Smith v. Hardy*, No. 7:14CV00477, 2015 WL 5562197, at *7 (W.D. Va. Sept. 21, 2015).

## A. Plaintiff's Motions to Supplement or Amend Pleadings

### 1. Motion to Supplement the Complaint

In December 2023, Plaintiff filed a motion entitled "Motion to Add Defendant(s) and Claim(s)," in response to several incidents which occurred after filing the instant action.[3] (*See* Docket Entry 5.) First, Plaintiff alleges that, on December 5, 2023, Officer Trevor Hoskin,[4] failed to protect him by opening his cell door, which allowed another inmate to enter his cell and attack him. (*See id.* at 1-9.) Second, Plaintiff asserts that Defendants Kersey, Foye, and Hunt moved him to a cell with no hot water on December 6, 2023. (*Id.* at 3-4.) Third, Plaintiff seeks to bring an Equal Protection claim against "Sgt. CJ" and "Sgt. Laura Chavez," along with Defendants Hunt, Foy, Knight, and Kersey, because his allotted recreation time was reduced, and thus he "was treated differently than all other [inmates] at Scotland County Det. Center who are considered isolation status."[5] (*Id.* at 12-16.) Defendants did not respond to the motion. The Court liberally construes this motion as a motion to supplement the pleadings pursuant to Rule 15(d).

"Rule 15(d) allows parties, by leave of court, to supplement their pleadings to set forth 'transactions or occurrences or events which have happened since the date of the pleading

---

[3] In addition to his request to add new claims and defendants, Plaintiff also reiterates facts relating to the claims detailed in his Complaint. (*See e.g.,* Docket Entry 5 at 6.)

[4] Plaintiff only identifies Defendant as "Officer Trevor" in his motion to supplement. (*See* Docket Entry 5 at 2.) However, in a later motion, Plaintiff notes that "Officer Trevor's" surname is Hoskin. (*See* Docket Entry 11 at 6.)

[5] Plaintiff also discusses an incident involving an alleged retaliatory act by detention center employees on another inmate. (*See* Docket Entry 5 at 10-11.) It is unclear how this incident relates to Plaintiff, and thus any alleged claim does satisfy the plausibility standard and would be futile.

sought to be supplemented.'" *Ashton v. City of Concord, N.C.*, 337 F. Supp. 2d 735, 740 (M.D.N.C. 2004) (citing Fed. R. Civ. P. 15(d)). A party may supplement a complaint "to assert separate or additional claims against an existing party . . . [or] 'to include new parties when events make it necessary to do so.'" *Garey v. James S. Farrin, P.C.,* No. 1:16CV542, 2018 WL 4688389, at *6 (M.D.N.C. Sept. 29, 2018) (citing *Rowe v. U.S. Fidelity & Guaranty Co.*, 421 F.2d 937, 943 (4th Cir. 1970)).

The decision to allow a supplemental pleading helps "avoid cost, delay, and waste of separate actions which must be separately tried and prosecuted" and ultimately falls under the court's broad discretion. *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 29 (4th Cir. 1963); *see also Graham v. Stansberry,* No. 5:07-CT-3015-FL, 2008 WL 3910689, at *3 (E.D.N.C. Aug. 20, 2008). "Various courts have concluded that requiring a plaintiff to go through the needless formality and expense of instituting a new action when events occurring after the original filing indicated he had a right to relief [is] inconsistent with the philosophy of the federal rules." *Franks v. Ross,* 313 F.3d 184, 198 (4th Cir. 2002) (internal quotation marks omitted). "[L]eave should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *See id.*

### a. Failure to Protect Claim

Regarding Plaintiff's request to add a claim for failure to protect against Officer Trevor Hoskin, the Court grants the motion. Plaintiff has already brought a failure to protect claim against detention center employees for a similar matter, so it is within the interest of judicial efficiency to grant the motion. (*See* Docket Entry 3 at 9-12.) Additionally, the motion was filed very early in the litigation, so any prejudice to Defendants is minimal. Given the court's broad

discretion, the unopposed nature of the motion, the minimal prejudice, and the interest of judicial efficiency, the undersigned grants Plaintiff's motion to supplement his Complaint regarding the failure to protect claim against Trevor Hoskin. (Docket Entry 5 at 1-9.)

### b. Conditions of Confinement Claim

Regarding the alleged deprivation of hot water in his cell, the undersigned finds that the claim is futile and thus denies his request to add a claim. "[N]ot every inconvenience encountered during pretrial detention amounts to 'punishment' in the constitutional sense." *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988). "To establish that a particular condition or restriction of his confinement is constitutionally impermissible punishment, the pretrial detainee must show either that it was (1) imposed with an expressed intent to punish or (2) not reasonably related to a legitimate nonpunitive governmental objective, in which case an intent to punish may be inferred." *Id.* (internal quotation marks omitted).

Plaintiff has not sufficiently alleged any facts to support his conclusion that his cell's lack of hot water was imposed with an intent to punish him or not reasonably related to a legitimate governmental objective. Nor has he pled any individual action by the three defendants involved to sufficiently state a claim. *See Polk v. Aldridge,* No. 1:22CV174, 2023 WL 5153827, at *3 (M.D.N.C. Aug. 10, 2023), *report and recommendation adopted,* No. 1:22CV174, 2023 WL 6159635 (M.D.N.C. Sept. 21, 2023) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.") In fact, Plaintiff admits that detention center staff have spent several hours attempting to fix the hot water issue. (*See* Docket Entry 5 at 3.)

5

Further, Plaintiff states that he has been without hot water for six months, but his motion indicates that he moved into the cell without hot water on December 6, 2023, and submitted his motion on December 21, 2023. (*See id.* at 5, 8.) By his own account, his cell lacked hot water for, at most, 15 days before filing the motion, which is not sufficiently significant to rise to the level of a constitutional violation. *See Simmons v. Phyall,* No. CV 4:23-4483-BHH-TER, 2023 WL 7389937, at *3 (D.S.C. Oct. 19, 2023), *report and recommendation adopted,* No. 4:23-CV-4483-BHH, 2023 WL 7388867 (D.S.C. Nov. 8, 2023) (finding that a lack of hot water for a limited time is not a constitutional violation).

Additionally, Plaintiff does not allege that he had no access to hot water during this time, only that his cell did not have hot water. *See Shrader v. White,* 761 F.2d 975, 984 (4th Cir. 1985) (finding that not having access to hot water in one's cell is not a constitutional violation if access is available elsewhere and also minor issues concerning hot and cold water are not "of constitutional significance" because "[a] sentence in federal prison is not a guarantee that one will be safe from life's occasional inconveniences"). For these reasons, the undersigned finds that granting his motion to supplement regarding his claim for lack of hot water would be futile and thus denies the request.

### c. Equal Protection Claim

Additionally, Plaintiff has also failed to state sufficient facts to allege an equal protection violation based on his reduced recreation time and thus his claim is futile.[6] The

---

[6] It is unclear from the motion whether this claim arose before or after the action was filed, which affects whether the motion should be liberally construed as motion to amend or supplement. Nevertheless, the designation does not change the court's analysis. "Parties and courts occasionally confuse supplemental pleadings with amended pleadings and mislabeling is common. However, these misnomers are not of any significance and do not prevent the court from considering a motion to

6

Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Fourth Circuit has held that

> [t]o succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination. Once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny.

*Morrison v. Garraghty,* 239 F.3d 648, 654 (4th Cir. 2001). "For equal protection purposes, unless a classification infringes upon a fundamental right or a suspect class, a law or ordinance must only be rationally related to a legitimate state interest." *Shanks v. Forsyth Cnty. Park Auth., Inc.,* 869 F. Supp. 1231, 1235 (M.D.N.C. 1994).

Here, Plaintiff has not sufficiently alleged that he has been treated differently than other similarly situated individuals. Plaintiff alleges that, prior to filing this action, he was allowed daily recreation time, but since filing the action, his recreation time has been diminished to three times each week. (*Id.* at 12.) He concludes that the reduction in recreation time shows he has been treated differently than other inmates. (*See* Docket Entry 5 at 15.) This assertion fails for several reasons. First, Plaintiff has not sufficiently alleged that those treated differently are similarly situated inmates. In fact, he states that he is in "protective custody" but other

---

amend or supplement under the proper portion of Rule 15." *Alpert v. Riley*, No. CIV. A. H-04-CV-3774, 2009 WL 1226762, at *3 (S.D. Tex. Apr. 30, 2009) (citing 6A Charles Alan Wright *et al.*, Federal Practice and Procedure § 1504, at 184 (2d ed.1990)). The Fourth Circuit has reasoned that the standard used for ruling on a motion to amend or on a motion to supplement are nearly identical. *Franks*, 313 F.3d at 198 n.15. In both situations, leave should be freely granted, and only denied where good reason exists, such as prejudice to Defendants or the futility of the claim. *Id.*; *see also Lindsay v. Glick,* No. 1:15CV596, 2016 WL 1650771, at *2 (M.D.N.C. Apr. 22, 2016).

7

inmates with a different recreation allotment "are [in] disciplinary." (*Id.* at 12.) He also states that he has not received outdoor time but then admits that no inmates are permitted outdoor recreation time. (*Id.* at 13.) In this regard, the facts indicate that he is treated the same as all other inmates.

He also concludes that the reduction of recreation time was intentionally discriminatory, without providing any facts to substantiate his claim, which is insufficient to state a plausible claim. (*See* Docket Entry 5 at 15.) *See Ford v. Forsyth Cnty. Sheriff Dep't*, No. 1:21CV557, 2023 WL 2049286, at *3 (M.D.N.C. Feb. 16, 2023), *report and recommendation adopted,* No. 1:21CV557, 2023 WL 2653355 (M.D.N.C. Mar. 27, 2023) (citing *Pronin v. Johnson*, 628 F. App'x 160, 164 (4th Cir. 2015) ("[A] valid claim for a violation of equal protection . . . must allege the requisite discriminatory intent with more than mere conclusory assertions.")).

Further, even at this early stage in the proceedings, Plaintiff has "not alleged facts sufficient to overcome the presumption of rationality that applies in this case." *See Shanks*, 869 F. Supp. at 1236 (holding that, even at the motion to dismiss stage, a party must allege sufficient facts to overcome rational basis review); *see also Jordan by Jordan v. Jackson,* 15 F.3d 333, 356 (4th Cir.1994) ("A classification subject to rationality review must be upheld against an equal protection challenge if there is any reasonably conceivable state of facts which could provide a rational basis for the classification."). Plaintiff merely states in a conclusory manner that his reduced recreation time has no rational relation to a government interest, which is insufficient to bring a claim. (Docket Entry 5 at 15.) *See Nance v. Rowan-Salisbury Bd. of Educ.,* No. 1:17-CV-957, 2019 WL 1437212, at *6 (M.D.N.C. Feb. 27, 2019) (noting that "conclusory allegations and allegations that are simply a formulaic recitation of the elements are not entitled

8

to the assumption of truth"). Therefore, since he has not alleged sufficient facts to plausibly state an equal protection claim, his claim is futile, andF the court denies his request to add an equal protection claim.

**2. Motions to Amend the Complaint**

In January 2024, Plaintiff filed a "Motion to Substitute Party" (hereinafter "First Motion to Amend"), which seeks to identify the "Jane Doe" defendant from his Complaint as Sgt. Stephanie Hudson, who is already a named Defendant. (*See* Docket Entry 7.) The First Motion to Amend was filed less than one month after initiating the action, before any Defendants were served, and within the 90-day time frame to serve a defendant pursuant to Fed. R. Civ. P. 4(m). (*See* Docket Entries 1, 7, 8, 10.) Defendants do not oppose the motion. Also in January 2024, Plaintiff filed an unopposed "Motion to Amend Complaint," ("Second Motion to Amend") which seeks to add supporting details to several of the claims alleged in his Complaint. (*See* Docket Entry 11.)

Rule 15(a) of the Federal Rules of Civil Procedure allows a party to "amend its pleading once as a matter of course" within 21 days of the filing of a responsive pleading. Fed. R. Civ. P. 15(a)(1). Additionally, Rule 15(a)(2) allows parties to amend a pleading with leave of the court. Fed. R. Civ. P. 15(a)(2). Rule 15(a) further states that "[t]he court should freely give leave when justice so requires." *Id.* While granting a motion to amend a complaint is within the discretion of the Court, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Fourth Circuit has stated that "[a] district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted

in bad faith, or the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Assocs.,* 602 F.3d 597, 603 (4th Cir. 2010); *see also Duncan v. Pendergrass,* No. 1:19CV459, 2021 WL 11430607, at *5 (M.D.N.C. Apr. 13, 2021), *report and recommendation adopted,* No. 1:19-CV-459, 2021 WL 11430624 (M.D.N.C. May 20, 2021). Though, the court's discretion to deny leave to amend "increases at later stages of the litigation." *Moore v. Equitrans, L.P.*, 818 F. App'x 212, 217 (4th Cir. 2020).

Here, both motions to amend are granted. Both motions were filed soon after the action was initiated and thus, any prejudice to Defendants is minimal. Plaintiff's First Motion to Amend (Docket Entry 7) is allowed as a matter of right pursuant to Rule 15(a). Plaintiff's Second Motion to Amend (Docket Entry 11) is granted because leave should be freely granted, the motion is unopposed, and any prejudice is minimal.

However, the undersigned is cognizant that defendants should be able to adequately defend against claims in an efficient manner, and Plaintiff has been allowed several opportunities to amend or supplement his original Complaint. Thus, unless justice requires otherwise, no additional amended or supplemental pleadings will be allowed.

**B. Motion to Expedite**

Plaintiff has also filed a motion entitled "Emergency Motion to Hear Motions Pending Before the Court" (Docket Entry 20), which the undersigned liberally construes as a motion to expedite rulings on the three motions discussed above and his motion for a temporary restraining order. (*See* Docket Entries 5, 7, 11, 22.) In light of this Order and Recommendation, Plaintiff's motion is now moot. Accordingly, the undersigned denies the motion to expedite as moot.

### C. Motion to Appoint Counsel

Plaintiff has also moved the Court for appointment of counsel. (Docket Entry 21.) "The Constitution does not compel the appointment of counsel in civil cases." *Lowery v. Bennett*, 492 F. App'x 405, 411 (4th Cir. 2012) (per curiam). However, this Court may, within its discretion, appoint counsel for an indigent in a civil action. 28 U.S.C § 1915(e)(1); *Bowman v. White*, 388 F.2d 756, 761 (4th Cir. 1968) (noting that appointment of counsel under § 1915 "is a privilege and not a right" and is "a matter within the discretion of the District Court."). The Court may appoint counsel in § 1983 cases only when exceptional circumstances exist. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). "Whether the circumstances are exceptional depends on 'the type and complexity of the case, and the abilities of the individuals bringing it.'" *Lowery*, 492 F. App'x at 411 (quoting *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989)). "If it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." *Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978); *see also Price v. Kimbrough*, No. 1:20CV1123, 2022 WL 21842461, at *5 (M.D.N.C. Feb. 8, 2022), *report and recommendation adopted,* No. 1:20CV1123, 2022 WL 21842459 (M.D.N.C. Mar. 28, 2022).

Here, Plaintiff has not presented the Court with any exceptional circumstances that would permit the undersigned to appoint counsel under 28 U.S.C. § 1915(e)(1). Plaintiff brings claims for excessive force, failure to protect, and other due process violations, along with First Amendment claims. Such claims are straightforward and common among inmates bringing

§ 1983 claims against prison guards or sheriffs. Further, Plaintiff's filings so far indicate that he has the capacity to present his claims. Therefore, the motion to appoint counsel (Docket Entry 21) is denied.

### D. Motion for Preliminary Injunction and Temporary Restraining Order

Plaintiff also moves the court to enter a preliminary injunction and a temporary restraining order that would allow Plaintiff access to a photocopy machine and notary services to aid in his preparation for several pending legal matters. (*See* Docket Entry 22 at 2.) Plaintiff further requests that Defendants stop "delaying and unnecessarily holding outgoing U.S. Postal Mail past (24) hours after jail authorities receive the mail . . . ." (*Id.*) Defendants responded, arguing that there is no constitutional right to make free photocopies, to have access to free notary services, or to require outgoing mail to be sent within 24 hours of receiving it, and thus the motion should be denied. (*See* Docket Entry 24 at 2-6.) Defendants also note that Plaintiff has not alleged any actual injury. (*See id.*)

The substantive standard for granting either a temporary restraining order or a preliminary injunction is the same. *See U.S. Dep't of Lab. v. Wolf Run Mining Co.*, 452 F.3d 275, 281 n. 1 (4th Cir. 2006); *see also Neiswender v. Bank of Am.*, No. C09-2595PJH, 2009 WL 1834406, at *1 (N.D. Cal. June 23, 2009) (unpublished) ("A request for a temporary restraining order is governed by the same general standards that govern the issuance of a preliminary injunction."). Temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a temporary restraining order may be issued only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed.

12

R. Civ. P. 65(b)(1)(A). The United States Supreme Court has stated that to obtain a temporary restraining order or a preliminary injunction, a plaintiff must establish: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Leaders of a Beautiful Struggle v. Baltimore Police Dep't*, 2 F.4th 330, 339 (4th Cir. 2021). "It frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (citation omitted); *see also MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (citation omitted) ("recognizing that 'preliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances'"); *see also McNeill v. Bond*, No. 1:18CV786, 2022 WL 17526565, at *2–3 (M.D.N.C. Dec. 8, 2022), *report and recommendation adopted,* No. 1:18CV786, 2023 WL 112542 (M.D.N.C. Jan. 5, 2023).

Here, Plaintiff cites to *Bounds v. Smith* in support of his position. (*See* Docket Entry 22 at 3.) 430 U.S. 817 (1977). In *Bounds,* the Supreme Court held that an inmate is entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Id.* at 825; *see also Hudspeth v. Figgins*, 584 F.2d 1345, 1347 (4th Cir. 1978). Subsequently, in *Lewis v. Casey*, the Supreme Court clarified the *Bounds* decision by concluding that a deprivation of an inmate's right of access to the courts is only actionable when the inmate is able to demonstrate actual injury as a result. 518 U.S. 343, 349 (1996). Specifically, a plaintiff "must show 'actual injury' defined as 'actual prejudice with respect to contemplated

or existing litigation, such as an inability to meet a filing deadline or present a claim.'" *Via v. Wilhelm*, No. 7:11CV0050, 2011 WL 2516338, at *2 (W.D. Va. June 22, 2011) (citing *Lewis v. Casey*, 518 U.S. 343, 348 (1996)). Additionally, the *Lewis* Court reasoned that the Constitution only requires that inmates be provided with the tools needed to "attack their sentences, directly or collaterally, and to challenge the conditions of their confinement." *Id.* at 355.

Here, Plaintiff has not shown that any of the alleged deprivations are constitutional violations; nor has he asserted any actual injury from the alleged deprivations. First, Plaintiff has not shown that lack of access to a photocopier constitutes a constitutional violation. (Docket Entry 22 at 6.) *See e.g., Walker v. Hardinger*, No. CIV.A. JFM-15-2583, 2015 WL 5199594, at *2 (D. Md. Sept. 4, 2015) (finding that inmates do "not have an unfettered constitutional right to free copy work in the absence of showing that defendants' refusal to copy his legal work prevented him from meeting deadlines, otherwise prejudiced him in any pending litigation, or actually impeded his access to the courts"). He has also not alleged how lack of access to a copy machine injures him beyond stating that "[o]riginals are not favored in any court." (Docket Entry 22 at 6.) In fact, Plaintiff has filed several motions with the court during the alleged deprivation period. (*See* Docket Entries 20, 21, 22.)

Neither has Plaintiff shown that the alleged denial of notary services is a constitutional violation or that he will be irreparably harmed by the deprivation. *See Clay v. Smith*, 949 F.2d 396 (4th Cir. 1991) (finding that "where a claim only involves ancillary features such as . . . the provision of notary services . . . a court cannot necessarily assume that the deprivation impedes a prisoner's ability to file meaningful legal papers and in such cases a showing of actual injury is required."); *see also Ward v. Fleming*, 7 F.3d 239 (7th Cir. 1993) ("The delay or

14

denial of notary services is, at most, a minor and incidental impingement of a prisoner's access to court, requiring a showing of prejudice."). In fact, Plaintiff attaches a note from a detention center staff member that states notary services *are* available to inmates at reasonable times. (*See* Docket Entry 22-2 at 1.)

Also, Plaintiff does not establish that the alleged delay in sending outgoing mail is a constitutional violation, nor does he assert any injury from the delay. *See Pearson v. Simms*, 345 F. Supp. 2d 515, 520 (D. Md. 2003), *aff'd*, 88 Fed. Appx. 639 (4th Cir. 2004) (further noting that there was no constitutional violation "even where plaintiff has demonstrated up to a week long delay in the posting of certain legal mail . . . ."). Therefore, since Plaintiff has not shown that his constitutional rights have been violated and thus he would be likely to succeed on the merits, nor has he asserted any actual injury from the alleged violations, the undersigned recommends denying Plaintiff's motion for a preliminary injunction and temporary restraining order. (Docket Entry 22.)

### III. Conclusion

For the reasons stated above, **IT IS HEREBY ORDERED** that Plaintiff's "Motion to Add Defendant(s) and Claim(s)" (Docket Entry 5), which the undersigned construes as a motion to supplement the Complaint, be **GRANTED IN PART, DENIED IN PART.** The only claim that shall proceed from the motion to supplement is the alleged failure to protect claim against Officer Trevor Hoskin in relation to the incident on or around December 5, 2023.[7] All other requests to add claims or defendants made in the motion to supplement

---

[7] The failure to protect claim against Officer Trevor Hoskin is found on pages 1-9 of the motion to supplement (Docket Entry 5.)

(Docket Entry 5) are **DENIED.** The clerk is instructed to docket the supplemental pleading (Docket Entry 5) as a separate pleading and add Officer Trevor Hoskin as a defendant.

**IT IS FURTHER ORDERED** that the Clerk shall send Plaintiff a summons for Officer Trevor Hoskin. Plaintiff must fill out the summons for Officer Hoskin, including an address suitable for service, and then return the properly completed summons to the Clerk within 30 days of the date of this Order and Recommendation. Upon return of the properly completed summons, the United States Marshals shall serve the Complaint (Docket Entry 2) and supplemental pleading on Officer Hoskin.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Substitute Jane/John Doe for Defendant" (Docket Entry 7) be **GRANTED.** Having found that both the Jane and John Doe defendants noted in the Complaint should be substituted for the previously named Defendant Sgt. Stephanie Hudson, the clerk shall terminate Defendants Jane Doe and John Doe from the docket.[8]

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Amend Pleading/Complaint" (Docket Entry 11) be **GRANTED.** The clerk is instructed to docket the motion as a separate, supplemental pleading.

**IT IS FURTHER ORDERED** that Plaintiff's Motion entitled "Emergency Motion to Hear Motions Pending before the Court" is **DENIED** as moot. (Docket Entry 20.) **IT IS**

---

[8] To the extent that it is deemed appropriate, Defendant Hudson may file an amended answer or otherwise respond to the allegations made regarding the incident on 11/9/2023 against the Jane/John Doe Defendant, also identified as the "Control Room Officer," within 14 days of entry of this Order and Recommendation. *See* Fed. R. Civ. P. 15(a)(3).

**FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Docket Entry 21) is **DENIED.**

Additionally, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion entitled "Motion for Preliminary Injunction, Temporary Restraining Order and Order to Show Cause" (Docket Entry 22) be **DENIED.**

                                                  /s/ Joe L. Webster
                                                 United States Magistrate Judge

May 24, 2024
Durham, NC