IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL ANTRANTRINO LEE, )
)
                Plaintiff, )
)
v. ) 1:23-CV-1065
)
RALPH KERSEY, Sheriff, et al., )
)
                Defendants. )

## ORDER

This matter is before the court on motions by the plaintiff for a preliminary injunction and a motion to amend the complaint. The United States Magistrate Judge recommended denial of the plaintiff's motion for preliminary injunction filed February 29, 2024, at Doc. 22, and also ruled on various motions to amend. See Doc. 25. The plaintiff objected to the denial of his motion for preliminary injunction and the denial of the motion to amend to add an equal protection claim. Doc. 32. He also filed a new motion for preliminary injunction, Doc. 29, along with various other paper writings which the Clerk docketed as "supplements" and which the Court treats as a motion to amend the complaint, Doc. 27 (entitled "motion to add defendants and claims"); and as a motion for reconsideration. Doc. 28 (entitled "motion to amend pleadings/complaint").

After consideration of the record and *de novo* review as to those matters subject to objection, the Court hereby adopts the Magistrate Judge's Recommendation. For reasons explained by the Magistrate Judge, the plaintiff has not established the necessary facts for the unusual remedy of a preliminary injunction. Nor do his paper writings state a claim

for an equal protection violation.  Nothing in the plaintiff's objections or subsequent paper writings undermines the Magistrate Judge's analysis.

For the same reasons, the new motion for a preliminary injunction, Doc. 29, will be denied.  He contends that despite his repeated requests for a kosher diet, he is not being served kosher meals.  In the complaint, he does mention in passing not receiving kosher meals, Doc. 2 at 13, 16, but he does not clearly state a § 1983 claim related to those facts.  *See* Doc. 25 at 1 (order construing claims and not mentioning claim related to diet).  To obtain an injunction, he must, among other things, state an underlying claim for relief in the operative pleadings.  He has also not adequately shown likelihood of success on the merits or irreparable harm, as his assertions and exhibits show the defendants are making at least some efforts to provide him with a kosher diet.

The motion to amend at Doc. 27 seeks to add claims and defendants based on events entirely unrelated to the events at issue in the operative complaint.  In its discretion, the motion to amend will be denied without prejudice to a new lawsuit raising those issues.  This case is complicated and confused enough as a result of the barrage of paper writings filed by the defendant. Any new claims should be dealt with in a separate lawsuit so that the claims in this case can be kept on track.  The Court has the inherent authority to manage the proceedings before it in an efficient way and here that can best be done by denial of the motion without prejudice.

Finally, in a paper writing entitled "motion to amend," the defendant essentially seeks reconsideration of the Magistrate Judge's decision to deny his motion to amend his

complaint to add an equal protection claim. Doc. 28. This is duplicative of his objections to the recommendation, which the Court has already overruled.

It is **ORDERED AND ADJUDGED** that:

1. The plaintiff's motion entitled "Motion for Preliminary Injunction, Temporary Restraining Order and Order to Show Cause," Doc. 22, is **DENIED**.

2. The motion to amend, Doc. 27, is **DENIED**.

3. The "motion to amend pleadings/complaint, Doc. 28, is treated as a motion for reconsideration and is **DENIED**.

4. The plaintiff's second motion for preliminary injunction, Doc. 29, is **DENIED**.

This the 17th day of July, 2024.

_____
UNITED STATES DISTRICT JUDGE

3

Case 1:23-cv-01065-CCE-JLW   Document 37   Filed 07/17/24   Page 3 of 3